## Mary Louise King et al., Appellees, v. Fred J. Bush and Emma B. Shirley, Appellants.

### Gen. No. 22,007.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed May 9, 1917.

### Statement of the Case.

Bill of interpleader by the Royal Arcanum, complainant, against Mary Louise King, Fred J. Bush and Emma B. Shirley, defendants, to determine title to the proceeds of a policy of insurance. From a decree in favor of defendant Mary Louise King, defendants Fred J. Bush and Emma B. Shirley appeal.

DOUGLAS C. GREGG, for appellants.

CASWELL & HEALY and THOMAS J. HEALY, for appellees.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1271*—*when presumed that evidence justified decree.* On a bill of interpleader to determine which of several claimants was entitled to the proceeds of a benefit certificate, where the insured surrendered the certificate several times, and where the defendants contended that the decree was erroneous in failing to find the mental condition of the insured at the time the certificate in which they were named as beneficiaries was surrendered, and that both the decree and the master's report were silent upon such point, and that such error was not cured by a finding that the insured was of sound mind at a later date, and the record disclosed that the testimony before the master was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

United States Brew. Co. v. Dolese & Shepard Co., 205 Ill. App. 478.

made a part of his report and filed, but that it was not contained in the record on appeal, *held* that every intendment was in favor of the correctness of the decree, and that it must be assumed, in the state of the record, that if any finding such as was contended for had been necessary, the evidence justified a finding that the decedent was of sound mind at the time in question.

2. EQUITY, § 515*—*when specific findings of fact are unnecessary.* Specific findings of fact in a decree are unnecessary where the evidence is preserved.